UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:22-cv-60219-RS

CAYAGO TEC GMBH and
CAYAGO AMERICAS, INC.,

      Plaintiffs,

v.

I-AQUA (HONG KONG) LIMITED,

      Defendant.
_____/


**PLAINTIFFS' MOTION TO RECONSIDER AND CLARIFY OR IN THE
ALTERNATIVE, TO ALLOW SUBSTITUTED SERVICE AND FOR
<u>ADDITIONAL TIME TO SERVE</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

    I.    THE COURT SHOULD CLARIFY THAT IAQUA CHINA'S MOTION TO DISMISS WAS NOT FULLY GRANTED. ...................................................................... 1

    II.    CAYAGO RESPECTFULLY REQUESTS THAT THE COURT RECONSIDER ITS DECISION THAT SERVICE WAS NOT PERFECTED. .................................................... 2

        A.    iAqua China was properly served under Fed. R. Civ. Proc. 4(h)(1)(B). ............................. 2

        B.    iAqua China was properly served under Fed. R. Civ. Proc. 4(h)(1)(A) ............................ 4

        C.    Rule 4(h)(2) Does Not Apply to the Instant Action. ............................................................ 5

    III.    IN THE ALTERNATIVE, CAYAGO REQUESTS THAT THE COURT ALLOW SUBSTITUTED SERVICE BY SERVING IAQUA CHINA THROUGH EMAIL ............................................................................................................................... 6

    IV.    CAYAGO REQUESTS AN EXTENSION OF THE TIME TO SERVE PROCESS. .......................................................................................................................... 10

CONCLUSION....................................................................................................................... 10

**ASSOULINE & BERLOWE, P.A**.
Miami Tower • 100 SE 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

# TABLE OF AUTHORITIES

**Cases**

*Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, 2007 U.S. Dist. LEXIS 39495 (S.D. Fla. May 31, 2007) .................................................................................................................. 7

*Chanel Inc. v. Zhixian*, 2010 U.S. Dist. LEXIS 50745 (S.D. Fla. April 29, 2010) ....................... 8

*Chanel, Inc. v. 7areplica*, 2019 U.S. Dist. LEXIS 233157 (S.D. Fla. June 24, 2019) ................... 8

*Chanel, Inc. v. Zhixian*, 2010 U.S. Dist. LEXIS 50745 (S.D. Fla. April 29, 2010) ...................... 7

*Flexsteel Pipeline Techs., Inc. v. Bin Chen & Changchun Gaoxiang Special Pipe Co.*, 2018 U.S. Dist. LEXIS 245865 (N.D. Fl. February 27, 2018) ....................................................... 2

*Fru Veg Mktg. v. Vegfruitworld Corp*, 896 F. Supp. 2d 1175 (S.D. Fla. 2012) ............................ 8

*Gryphon Oilfield Sols, LLC v. Stage Completions (USA) Corp.*, 2018 U.S. Dist. LEXIS 234520 (S.D. Tx. 2018) .............................................................................................................. 3

*In re Int'l Telemedia Assocs.*, 245 B.R. 713 (N.D. Ga. 2000) ........................................................ 8

*Louis Vuitton Malletier v. aaalvsale.com*, Case No. 21-cv-60790-BB (S.D. Fla. April 14, 2021) ........................................................................................................................................ 8

*Malletier v. Lvhut*, 2022 U.S. Dist. LEXIS 22889 (S.D. Fl. February 7, 2022) ............................ 8

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) .......................................... 9

*Portal Live, LLC v. Choukron*, 2011 U.S. Dist. LEXIS 98623 (S.D. Fla. September 1, 2011) ........................................................................................................................................ 8

*Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries*, 353 F.3d 916 (11th Cir. 2003) ........................................................................................................................................ 7

*Raburn v. Dae Woo*, 2010 U.S. Dist. LEXIS 19583 (N.D. Tex. 2010) .................................... 5, 6

*Rio Properties. Inc., v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) ............................... 7, 8

*SA v. Montblanchot.com*, 2020 U.S. Dist. LEXIS 177239 (S.D. Fla. Sept. 25, 2020) .................. 8

*Tracfone Wireless, Inc. v. Britton*, 278 F.R.D. 687 (S.D. Fla. 2012) ............................................ 8

*U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617 (S.D. Fla. 2011) ........... 6, 8

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988) .......................................... 5

**Statutes**

**ASSOULINE & BERLOWE, P.A**.
Miami Tower • 100 SE 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

Fed. R. Civ. Proc. 4(e)(1)...................................................................................... 2, 3, 4

Fed. R. Civ. Proc. 4(f)(1) ......................................................................................... 6, 7

Fed. R. Civ. Proc. 4(f)(3) ................................................................................... 6, 7, 8, 9

Fed. R. Civ. Proc. 4(h) ........................................................................................ passim

Fed. R. Civ. Proc. 4(h)(1) ....................................................................................... 3, 5, 6

Fed. R. Civ. Proc. 4(h)(1)(A) ..................................................................................... 2, 4

Fed. R. Civ. Proc. 4(h)(1)(B) ..................................................................................... 2, 4

Fed. R. Civ. Proc. 4(h)(2) ........................................................................................... 5, 6

Fla. Stat. § 48.062 ....................................................................................................... 4

Fla. Stat. § 48.081 ....................................................................................................... 2

Fla. Stat. § 48.181 ....................................................................................................... 4

**ASSOULINE & BERLOWE, P.A.**
Miami Tower • 100 SE 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

Plaintiffs, CAYAGO TEC, GmbH ("Cayago Tec") and CAYAGO AMERICAS, INC., ("Cayago Americas") (collectively, "Cayago") by and through their undersigned attorneys hereby move this Court to reconsider and clarify its Order (DE 39, "Order") quashing Plaintiffs' service on Defendant iAqua (Hong Kong) Limited's ("iAqua China"), to reconsider and clarify that iAqua China's Motion to Dismiss was not granted in its entirety since the Complaint has not been dismissed, and in the alternative, for permission to serve the Summons and Complaint by electronic mail and commercial courier and for additional time to perfect service.

## INTRODUCTION

On or about February 1, 2022, Cayago brought the within action against iAqua China. IAqua China is a foreign limited company headquartered in China. iAqua China has infringed three of Cayago's United States patents. It is undisputed that Danish Mohammed, the managing director of iAqua China, was voluntarily present in the Southern District of Florida. Cayago served iAqua China by personally delivering the Summons and Complaint to Mr. Mohammed while he was present in this judicial district.

## ARGUMENT

**I.    THE COURT SHOULD CLARIFY THAT IAQUA CHINA'S MOTION TO DISMISS WAS NOT FULLY GRANTED.**

In [ECF No. 39], the Court stated that Defendant's Motion to Dismiss is granted. [ECF No. 39, p. 4]. Cayago respectfully submits that this statement was made in error because the remaining order states that Cayago is given time to perfect service and that failure to perfect service will result in dismissal. Thus, Defendant's Motion to Dismiss, which requested dismissal of the Complaint with prejudice is not fully granted, but rather Cayago has been given the opportunity to perfect service.

1

Furthermore, it is respectfully submitted that there are no grounds for dismissal of the Complaint with prejudice. Doing so would allow iAqua China to continue to flout the patent law of the United States with impunity. A dismissal for improper service, at most, would result in a dismissal without prejudice. Thus, Cayago respectfully requests reconsideration and clarification of the Order [ECF No. 39].

## II.   CAYAGO RESPECTFULLY REQUESTS THAT THE COURT RECONSIDER ITS DECISION THAT SERVICE WAS NOT PERFECTED.

### A.   *iAqua China was properly served under Fed. R. Civ. Proc. 4(h)(1)(B).*

iAqua China did not dispute that Fed. R. Civ. Proc. 4(h) allows a foreign corporation to be served by personally serving its managing member. Indeed, this is consistent with federal caselaw: "Rule 4(h) provides two ways in which a foreign corporation is subject to service in a judicial district of the United States: (1) by following the state law regarding service of a foreign corporation in the jurisdiction where the district court is located or where service has been made, Fed. R. Civ. P. 4 (h)(1)(A)—which is in this case, Florida, Fla. Stat. § 48.081; or (2) by delivering a copy of the summons and the complaint to an officer or agent of the corporation, *see* Fed. R. Civ. P. 4(h)(1)(B)." *Flexsteel Pipeline Techs., Inc. v. Bin Chen & Changchun Gaoxiang Special Pipe Co.*, 2018 U.S. Dist. LEXIS 245865, *9 (N.D. Fla. February 27, 2018).

Fed. R. Civ. Proc. 4(h) expressly contemplates serving a foreign corporation within a judicial district of the United States. Rule 4(h) states:

> "h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:

ASSOULINE & BERLOWE, P.A.
Miami Tower • 100 SE 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. Proc. 4(h).

Thus, the plain language of Rule 4(h) states that a "foreign" corporation, that is a corporation that is not domiciled in the state of Florida, (like iAqua China), must be served "in a judicial district in the United States" (like the Southern District of Florida) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Rule 4(h)(1)(A) and Rule 4(h)(1)(B).

Cayago's service of process on iAqua China's managing member is authorized by Rule 4(h) and caselaw. "Process may be served on a corporation, whether foreign or domestic, in a judicial district of the United States or in a foreign territory. *See* Fed. R. Civ. P. 4(h). Where, as here, service of process is attempted in the United States, it must either (a) comply with the law of the state in which the action is pending or in which service is made; or (b) **be accomplished by delivering a copy of the summons and the complaint to an officer, managing or general agent**, or other agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ.

ASSOULINE & BERLOWE, P.A.
Miami Tower • 100 SE 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

P. 4(h)(1)." *Gryphon Oilfield Sols, LLC v. Stage Completions (USA) Corp.*, 2018 U.S. Dist. LEXIS 234520, *3 (S.D. Tx. 2018) (emphasis added).

Consequently, Cayago followed the exact instructions set forth in Rule 4(h)(1)(B), because Cayago delivered a copy of the Summons and Complaint within this judicial district to the managing member of iAqua China (Danish Mohammed) pursuant to Rule 4(h)(1)(B). No mailing was required because Cayago did not serve the secretary of state. Indeed, this makes sense because there is no dispute or doubt that iAqua China received actual notice of the Summons and Complaint. Thus, service is complete under Rule 4(h)(1)(B). Cayago requests that the Court reconsider and clarify its Decision and Order and hold that Cayago's service was proper on iAqua China.

### B.     *iAqua China was properly served under Fed. R. Civ. Proc. 4(h)(1)(A).*

Service on iAqua China is also satisfied under Rule 4(h)(1)(A) which allows for service in the manner for serving an individual prescribed by Rule 4(e)(1). Rule 4(e)(1) allows a Plaintiff to serve process under the rules of the state, in this case—Florida.

Florida law permits service upon the managing director of a foreign limited liability company. Since iAqua China is not registered in the State of Florida, service upon it is governed by Fla. Stat. § 48.062, which states: "(6) A foreign limited liability company engaging in business in this state which is not registered is considered, for purposes of service of process, a nonresident engaging in business in this state and **may be served pursuant to s. 48.181** or by order of the court under s. 48.102." Fla. Stat. § 48.062 (emphasis added). Fla. Stat. § 48.181 states that the managing director may be personally served. Accordingly, Cayago has satisfied service of process under both Fed. R. Civ. Proc. 4(h)(1)(A) and (B). Cayago respectfully requests that the Court reconsider and/or clarify its decision and hold that Cayago's service was proper.

ASSOULINE & BERLOWE, P.A.
Miami Tower • 100 SE 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

### C. Rule 4(h)(2) Does Not Apply to the Instant Action.

Rule 4(h)(2) does not apply because service was not affected at a place "not within any judicial district of the United States." Rule 4 does not state that a foreign corporation must be served under the Hague Convention. Rule 4(h)(2) governs service if service "at a place not within of any judicial district of the United States." It matters not where the defendant is domiciled. Indeed, Rule 4 expressly allows a foreign corporation to be served in a judicial district of the United States: "a domestic **or foreign** corporation ….must be served in a judicial district of the United States…[in certain ways] **or** "at a place not within any judicial district of the United States… [in certain ways]." Fed. R. Civ. Proc. 4(h).

In *Raburn v. Dae Woo*, 2010 U.S. Dist. LEXIS 19583, *6-7 (N.D. Tex. 2010), the Court, applying Supreme Court precedent, rejected the defendant's argument that the method of service is dependent on the status of the entity to be served (i.e., a foreign corporation), rather than on where it is served:

> DEC contends that the proper "[m]ethod of service is dependent on the status of the person or entity to be served" rather than the location where service is to be effected and thus that it is impossible to validly serve process on a foreign corporation using a method of service that is not authorized by the Hague Convention. … **This contention is without merit**. The applicability of the Hague Convention is limited to cases in which "the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700, 108 S. Ct. 2104, 100 L. Ed. 2d 722 (1988). Some of the applicable methods of serving process defined by the internal law of the **United States allow process to be served domestically and thus do not require the transmittal of documents abroad**. See FED. R. CIV. P. 4(h)(1) (**providing rules for serving process on "a domestic or foreign corporation "within" a judicial district of the United States**") (emphasis added). **The Hague Convention does not override state laws that allow foreign corporations to be served domestically**. See Schlunk, 486 U.S. at 706-07 (upholding the validity of serving process on a foreign corporation by serving the corporation's domestic subsidiary where that method of service was authorized by Illinois law).

**ASSOULINE & BERLOWE, P.A**.
Miami Tower • 100 SE 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

*Id.* (emphasis added).

Thus, Cayago respectfully submits that the Court reconsider and/or clarify its holding that "Plaintiffs reference to Rule 4(h)(1), which applies to corporations found within a judicial district of the United States, is misplaced. Plaintiffs do not allege that Defendant has an office or place of business within the United States. Thus, because Defendant is duly organized under the laws of China and has its principal place of business in China, Plaintiffs must serve Defendant by means specified in an international agreement or in a manner that does not offend an international agreement. Fed. R. Civ. P. 4(f)(1)." [ECF No. 39, p. 3]. Under Rule 4, It matters not where the defendant is domiciled but rather where the defendant is served.

## III.   IN THE ALTERNATIVE, CAYAGO REQUESTS THAT THE COURT ALLOW SUBSTITUTED SERVICE BY SERVING IAQUA CHINA THROUGH EMAIL

In the alternative, if the Court does not find that Cayago's service by personal delivery upon the managing member of defendant iAqua China within this judicial district to be adequate, Cayago moves, pursuant to Fed. R. Civ. Proc. 4(h)(2) and Fed. R. Civ. Proc. 4(f)(3) for leave to effect service of process on iAqua China via alternative methods. Specifically, Cayago seeks to serve iAqua China via email to info@iaqua.biz, or to iAqua China's managing director at smdanish2008@yahoo.com or by courier to its address: Rooms 2102-3 China Insurance Group Building, 141 Des Voeux Road, Hong Kong.

Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011). Rule 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court. See *Prewitt Enters., Inc. v.*

*The Org. of Petrol. Exporting Countries*, 353 F.3d 916, 923 (11th Cir. 2003). See also *Brookshire Bros., Ltd. v. Chiquita Brands Int'l*, 2007 U.S. Dist. LEXIS 39495, at *5 (S.D. Fla. May 31, 2007); *Rio Properties. Inc., v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Chanel, Inc. v. Zhixian*, 2010 U.S. Dist. LEXIS 50745, at *3-5 (S.D. Fla. April 29, 2010) (citations omitted).

Caselaw is settled that Fed. R. Civ. Proc. 4(f)(3) includes "no qualifiers or limitations which indicate its availability only after attempting service of process by other means." *Brookshire Bros., LTD. v. Chiquita Brands Int'l*, 2007 U.S. Dist. LEXIS 39495 at *5 (S.D. Fla., May 31, 2007)(citing *Rio Properties*, 284 F.3d at 1015). "The invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." *Brookshire Bros., Ltd.,* 2007 U.S. Dist. LEXIS 39495, at *5. Thus, Cayago is not required to attempt process under the Hague Convention (or any other means) before seeking alternative methods of service under Rule 4(f)(3). *Rio Properties*, 284 F.3d at 1014-1015. Indeed, "[c]ourt directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." *Id*., at 1015. Courts have authorized alternative methods of service such as "publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Properties*, 284 F.3d at 1016.

Federal courts have routinely allowed alternative methods of service upon foreign companies including, but not limited to electronic mail, international mail or courier (such as Federal Express) and by facsimile. "[S]ervice by e-mail or internet communication does not violate an international agreement." *Malletier v. Lvhut*, 2022 U.S. Dist. LEXIS 22889, *3-4 (S.D. Fl. February 7, 2022).

**ASSOULINE & BERLOWE, P.A.**
Miami Tower • 100 SE 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

Service on iAqua China through the Hague Convention is onerous and expensive. It requires translation of the documents into Chinese even though the managing member of iAqua China, Mohammed Danish, is fluent in English. See, e.g., [ECF No. 20-2, 20-3] (transcript demonstrating Mr. Mohammed's fluency in English). Requests to foreign central authorities in China can take more than six months to process.

Courts within the Southern District of Florida routinely allow service by email as an acceptable method of service under Rule 4(f)(3). See e.g., *Fru Veg Mktg. v. Vegfruitworld Corp*, 896 F. Supp. 2d 1175, 1182-83 (S.D. Fla. 2012) (authorizing service by email under Fed R. Civ. P. 4(f)(3)); *Louis Vuitton Malletier v. aaalvsale.com*, Case No. 21-cv-60790-BB (S.D. Fla. April 14, 2021) (authorizing alternate service of process via, *inter alia*, e-mail); *SA v. Montblanchot.com*, 2020 U.S. Dist. LEXIS 177239 (S.D. Fla. Sept. 25, 2020) (same); *Chanel, Inc. v. 7areplica*, 2019 U.S. Dist. LEXIS 233157 (S.D. Fla. June 24, 2019) (same); *Tracfone Wireless, Inc. v. Britton*, 278 F.R.D. 687, 694 (S.D. Fla. 2012)(same); *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 621 (S.D. Fla. 2011)(same); *Portal Live, LLC v. Choukron*, 2011 U.S. Dist. LEXIS 98623 at *2 (S.D. Fla. September 1, 2011)(same); *Chanel Inc. v. Zhixian*, 2010 U.S. Dist. LEXIS 50745 at *11 (S.D. Fla. April 29, 2010)(same). See also *Rio Properties*., 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); and *In re Int'l Telemedia Assocs.*, 245 B.R. 713, 721 (N.D. Ga. 2000) ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them.").

iAqua China routinely uses its email address for business: info@iaqua.biz. It is set forth in the dealer agreement as the email address to where legal notices should go. A copy of the relevant

**ASSOULINE & BERLOWE, P.A**.
Miami Tower • 100 SE 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

pages of the dealer agreement are attached hereto as **Exhibit A**.[1] iAqua China's website directs people to email info@iaqua.biz. See p. 3 of **Exhibit B** hereto. Mohammed Danish's email is smdanish2008@yahoo.com as listed with its GoDaddy registration. See p. 4 of **Exhibit C** hereto. iAqua China's address for service of legal notices is stated in its dealer agreement: Rooms 2102-3 China Insurance Group Building, 141 Des Voeux Road, Hong Kong. See **Exhibit A** hereto. The same address is listed in iAqua China's website. See **Exhibit D** hereto. Even more significantly, this is the address this Court ordered that "all future pleadings and filings … be served on Defendant [iAqua China]. DE 37, p. 2.

Service of process on iAqua China by email comports with due process requirements. Due process requires that the notice be: reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.[2] The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652 (1950); see also *Tracfone Wireless, Inc.*, 278 F.R.D. at 692 (citing *Mullane* as the due process standard for service of process under Fed. R. Civ. Proc. 4(f)(3) and citing other Southern District of Florida decisions that do the same).

As such, service on iAqua China via an electronic mail address listed in its dealer agreement for legal notice as well as on its website and employing a belts and suspenders approach of also serving via Federal Express to iAqua China's address listed on its website and in the dealer

---

[1] The AEO-Confidential designation of the Dealer Agreement (partially attached as **Exhibit A**) was removed by a signed written agreement on December 28, 2022.

[2] iAqua China has already been apprised of this lawsuit, as evidenced by appearance of counsel and the filing of papers herein.

ASSOULINE & BERLOWE, P.A.
Miami Tower • 100 SE 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

agreement. This service should provide adequate notice to iAqua China and comports with due process requirements. Cayago respectfully requests that its motion be granted.

## IV.  CAYAGO REQUESTS AN EXTENSION OF THE TIME TO SERVE PROCESS.

Under DE 39, Cayago has until April 29, 2023 to perfect service under the Hague Convention. However, service under the Hague Convention to China is expensive and takes many months. Further, given Cayago's motions for reconsideration and/or clarification, and Cayago's motion in the alternative to allow alternate service by electronic mail followed up by courier, Cayago respectfully requests that the Court grant an extension of the time to serve process until ninety (90) days after Cayago's present motion is decided.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

This motion is filed by Cayago in good faith and not for purposes of delay. No party to this action will be prejudiced should this Court grant the relief sought herein. To the contrary, the relief sought by this Motion will further the swift administration of this action.

Given that iAqua China is not represented by counsel and has only a physical address, see [ECF No. 37], in which Cayago's counsel is authorized to communicate, there is no ability to meet and confer on this motion.

### CONCLUSION

WHEREFORE, Cayago respectfully requests that the Court enter an Order:

1.      reconsidering and/or clarifying that [ECF No. 39] did not fully grant the Defendant's Motion to Dismiss and that any dismissal of Cayago's complaint would not be with prejudice;

10

2.      reconsidering and/or clarifying that iAqua China was properly served pursuant to Fed. R. Civ. Proc. 4(h)(1);

3.      in the alternative, allowing Cayago to serve iAqua China with process within fifteen (15) days as follows: (a) by sending a copy of the Summons and Complaint to the email address listed on the iAqua China website and in its dealer agreement: info@iaqua.biz; (b) and/or by sending a copy of the Summons and Complaint to the email address listed on its website registration: smdanish2008@yahoo.com; and (c) sending a copy of the Summons and Complaint to the address listed in its dealer agreement and website: Rooms 2102-3 China Insurance Group Building, 141 Des Voeux Road, Hong Kong;

4.      allowing Cayago to file a Notice of Compliance within twenty (20) days of proof of service on iAqua China;

5.      extending the time to serve process until ninety (90) days after Cayago's present motion is decided;

6.       and granting such other relief as the Court deems just, proper, and/or equitable.

 DATED: April 27, 2023

By: s/ Jennifer L. Friedman
Jennifer L. Friedman (pro hac vice)
**LAW OFFICES OF JENNIFER L. FRIEDMAN, PLLC**
5406 Broadway, #518
Lancaster, New York 14086
(716) 601-9045
jenfriedman@jfriedmanlaw.com

and,

**ASSOULINE & BERLOWE, P.A**.
Miami Tower • 100 SE 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343

By: s/ Peter A. Koziol
Peter A. Koziol (FBN 030446)
**ASSOULINE & BERLOWE, P.A.**
Miami Tower
100 S.E. 2nd Street, Suite 3105
Miami, Florida 33131
Telephone: (305) 567-5576
Facsimile: (305) 567-9343
Peter A. Koziol (FBN 030446)
pak@assoulineberlowe.com
Peter E. Berlowe, Esq. (FBN 143650)
peb@assoulineberlowe.com

**Attorneys for the Plaintiffs,
Cayago Tec GmbH, and
Cayago Americas, Inc.**

12

## CERTIFICATE OF SERVICE

I certify that the above motion and exhibits were served on Defendant via the following:

## SERVICE LIST

***CAYAGO TEC GMBH, et. al. v. I-Aqua (Hong Kong) Limited***
**Case No.: 0:22-cv-60219-RS**
**United States District Court Southern District Of Florida**

by United States Mail to:

iAqua (Hong Kong) Limited
Rooms 2102-3,
China Insurance Group Building,
141 Des Voeux Road,
Hong Kong

and by email to: info@iaqua.biz.

s/Peter A. Koziol
Peter A. Koziol

ASSOULINE & BERLOWE, P.A.
Miami Tower • 100 SE 2nd St., Suite 3105, Miami, Florida 33131 • Telephone: 305-567-5576 • Facsimile: 305-567-9343