UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60219-CIV-SMITH

CAYAGO TEC GMBH, *et al.*,

    Plaintiffs,

v.

I-AQUA (HONG KONG) LIMITED,

    Defendant.

_____/

**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE TO ALLOW SUBSTITUTED SERVICE AND FOR ADDITIONAL TIME TO SERVE**

    This matter is before the Court on Plaintiffs' Motion to Reconsider and Clarify or in the Alternative to Allow Substituted Service and for Additional Time to Serve [DE 40].  Defendant filed no Response.  Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. Jan. 8, 2002).  A "motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis,* 808 F. Supp. 1561, 1563 (S.D. Fla. Dec. 3, 1992).  There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Burger King Corp.*, 181 F. Supp. 2d at 1369.  Plaintiffs have not established any of these grounds in their Motion.

    The Court by prior Order granted Defendant's motion to dismiss and thereby quashed Plaintiffs' prior purported service of process. The Court ordered Plaintiffs to perfect service of process on Defendants in accordance with Federal Rule of Civil Procedure 4 by April 28, 2023. (*See* [DE 39].)  Plaintiffs' instant motion reiterates arguments made in their response in opposition

to Defendant's Motion to Dismiss. Plaintiffs claim that Defendant was properly served and seek clarification that Defendant's motion to dismiss was not fully granted. Plaintiffs have not set forth any facts or law of a strongly convincing nature to induce the Court to reverse its decision on Defendant's motion to dismiss. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Because Plaintiffs do not present any new arguments not previously considered by the Court, nor point out any manifest injustice they have suffered, the Court denies their motion for reconsideration. *See Burger King Corp*, 181 F. Supp. 2d at 1370.

In the alternative, Plaintiffs request that the Court permit them to serve Defendant via substitute service via email or by courier delivery to Defendant's physical address and that they be granted an extension of time to serve process. The Court grants Plaintiffs an extension of time to serve Defendants via email **and** via courier delivery to Defendant's physical address. Accordingly, it is

**ORDERED** that:

1. Plaintiffs' Motion to Reconsider and Clarify or in the Alternative to Allow Substituted Service and for Additional Time to Serve [DE 40] is **GRANTED in part and DENIED in part**.

2. Plaintiffs shall have until **October 20, 2023** to serve Defendants **via email to info@iaqua.biz and smdanish2008@yahoo.com and** v**ia courier delivery** to **Rooms 2102-3 China Insurance Group Building, 141 Des Voeux Road, Hong Kong**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 18th day of September 2023.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record